1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAN JEFFERY RICHSON-BEY, | ) Case No. 1:21-cv-01294-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DIRECTING CLERK OF COURT TO ) RANDOMLY ASSIGN A DISTRICT JUDGE TO ) THIS ACTION |
| R. MORENO, et al., | ) |
| Defendants. | ) FINDINGS AND RECOMMENDATIONS ) RECOMMENDING DISMISSAL OF CERTAIN ) CLAIMS AND DEFENDANT |
| | ) |
| | ) |
| _____ | ) |

Plaintiff Sean Jeffery Richson-Bey is proceeding *pro se and in forma pauperis* in this civil

rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed April 22, 2022.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28

U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On August 4, 2019, Plaintiff filed an administrative complaint naming R. Moreno for terminating a visit in progress without warning.

On August 5, 2019, Plaintiff received a "Notice of Visitor Termination," indicating the August 4, 2019 action by R. Villanueva Garcia for "excessive physical contact."

On August 12, 2019, Moreno was made aware of Plaintiff's complaint during an interview with sergeant F. Montoya.  In retaliation, Moreno prepared a false rules violation report for "sexual activity in a visiting room with an adult."

On August 18, 2019, Plaintiff was found guilty of the lesser included offense by hearing officer D. Saucedo.  Saucedo prevent Plaintiff from presenting witnesses, video evidence, and classified the violation as serious, assessing a thirty day loss of credit.  Saucedo exceeded the scope of

2

the rules violation adjudication by improperly including certain evidence.  Saucedo denied witnesses and video evidence.

**III.**

**DISCUSSION**

**A.      Retaliation/False Rules Violation Report**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity.  Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).  Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  In addition, threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from wrongly issued disciplinary reports[ ]").

However, there are two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right; and (2) when the

3

prisoner alleges that they were not afforded procedural due process in a proceeding concerning a false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) (discussing retaliation claim against a correctional officer based upon the correctional officer's false accusations of violating a prison rule); Freeman, 808 F.2d at 951 (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (same).

A plaintiff must plead facts that suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. action. Brodheim v. Cry, 584 F.3d at 1270 (9th Cir. 2009); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); see also Capp v. Cnty. of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) ("[P]laintiff must show that the defendant's retaliatory animus was 'a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.' ") (citation omitted).  A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. Watison v. Carter, 668 F.3d at 1114. The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. Rhodes v. Robinson, 408 F.3d at 567-68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." Watison v. Carter, 668 F.3d at 1114. "[A]n objective standard governs the chilling inquiry; a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.' " Brodheim v. Cry, 584 F.3d at 1271 (quoting Rhodes v. Robinson, 408 F.3d at 568-69).  Accordingly, the plaintiff need not allege an explicit, specific threat.  Brodheim v. Cry, 584 F.3d at 1270.  A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Watison v. Carter, 668 F.3d at 1114.

Liberally construed, Plaintiff states a cognizable retaliation claim against Defendant Moreno for issuance of a false Rules Violation Report because Plaintiff previously filed an administrative complaint against him.

**B.      Procedural Due Process**

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. <u>Id.</u> The <u>Heck</u> bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. <u>Muhammad v. Close</u>, 540 U.S. 749, 750-51 (2004). However, "challenges to disciplinary proceedings are barred by <u>Heck</u> only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." <u>Nettles v. Grounds</u>, 830 F.3d 922, 927 (9th Cir. July 26, 2016) (en banc), citing <u>Muhammad</u>, 540 U.S. at 754-55. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." <u>Id.</u>; <u>see, e.g.</u>, <u>Pratt v. Hedrick</u>, No. C 13-4557 SI (pr), 2015 WL 3880383, *3 (N.D. Cal. June 23, 2015) (§ 1983 challenge to disciplinary conviction not <u>Heck</u>-barred where "the removal of the rule violation report or the restoration of time credits" would not necessarily result in a speedier release for inmate with indeterminate life sentence and no parole date).

Specifically, where the claim involves the loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); <u>Blueford v. Prunty</u>, 108 F.3d 251, 255 (9th Cir. 1997); <u>cf.</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of <u>Heck</u> and <u>Balisok</u> does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas); <u>see also</u>

5

Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. Trimble v. City of Santa Rosas, 49 F.3d 583, 586 (9th Cir. 1995). Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, Plaintiff challenges a Rules Violation Report which resulted in the loss of good time credits.  Because reversal of the Rules Violation Report findings would necessarily result in a restoration of good time credits, it would also necessary affect the duration of Plaintiff's confinement.[1] Therefore, it is not cognizable in a section 1983 action.

### D. Declaratory Judgment

Plaintiff's amended complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary.

### D. Further Leave to Amend

"Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires.  However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of

---

[1] A loss of good time credits might not affect the duration of Plaintiff's sentence if he was facing an indeterminate sentence of life without possibility of parole, but there are no indications this is the case.

amendment." <u>Carvalho v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)).  The Court finds that further amendment would be futile because, as discussed above, it is clear that Plaintiff is unable to state a due process claim for issuance of a false Rules Violation Report which resulted in the loss of custody credits.   Accordingly, leave to amend should be denied. <u>See</u> <u>Newland v. Dalton</u>, 81 F.3d 904, 907 (9th Cir. 1996) ("While Fed. R. Civ. P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments."); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile).

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a District Judge to this action

Further, it is HEREBY RECOMMENDED that:

1.      This action proceed on Plaintiff's retaliation claim against Defendant Moreno; and

2.      All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)
(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __**April 29, 2022**__

_____
UNITED STATES MAGISTRATE JUDGE