UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFERY RICHSON-BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>R. MORENO, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01294-AWI-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 17) |

    Plaintiff Sean Jeffery Richson-Bey is proceeding *pro se and in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On April 29, 2022, the Court issued Findings and Recommendations recommending that this action proceed on Plaintiff's retaliation claim against Defendant Moreno and that Plaintiff's due process claims be dismissed as barred by the favorable termination rule set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (ECF No. 17.)  The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within fourteen days. (Id. at 7.)

    Plaintiff filed objections on May 6, 2022. (ECF No. 18.)  In his objections, Plaintiff submits, for the first time, that he is currently serving an indeterminate life sentence and the loss of any good-time credits will not have an impact on his sentence and his due process claim is therefore not barred by Heck.  (Id. at 3.)  Habeas corpus is the sole remedy for a state prisoner who wishes to challenge his

confinement or its duration and seeks immediate or speedier release. Heck, 512 U.S. at 481; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The rule in Heck has been applied in the prison disciplinary context when the "defect complained of by [plaintiff] would, if established, *necessarily* imply the invalidity of the deprivation of his good-time credits[,]" Edwards v. Balisok, 520 U.S. 641, 646 (1997) (emphasis added); Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect the duration of time to be served[.]" Muhammed v. Close, 540 U.S. 749, 754 (2004) (per curiam); see also Nettles v. Grounds, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) ("*Heck* applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.' " (citations omitted).)

The Ninth Circuit has declined to apply the Heck bar where success in a § 1983 action would not necessarily affect the duration of the plaintiff's sentence. In Nettles v. Grounds, an indeterminately-sentenced life prisoner sought restoration of 30 days of lost good-time credits and expungement of the associated rule violation report. 830 F.3d at 927. The Ninth Circuit held that the claim did not fall solely within the scope of habeas corpus because success on the merits would not *necessarily* lead to an earlier release. Id. at 935. Importantly, the court stated that it could not tell whether the restoration of time credits would affect the duration of confinement because the prisoner had not yet been found suitable for parole, and if he was eventually paroled, the length of his parole was unknown. Id. at 934-35. Courts have applied Nettles to Section 1983 actions in determining whether plaintiffs' claims are Heck-barred. See, e.g., Delgado v. Gonzalez, 686 F. App'x 434, 435 (9th Cir. 2017) (reversing a decision that relied on Balisok and not Nettles in determining that the plaintiff's § 1983 claim was Heck-barred despite not knowing whether the loss of good-time credit would *necessarily* affect the length of sentence).

Plaintiff has demonstrated that he is indeterminately sentenced and the loss of good-time credits will not necessarily lead to a shorter confinement.  Thus, based on the information presented for the time in the objections, the Court will vacate the Findings and Recommendations and allow Plaintiff to proceed on his due process challenge against Defendant Saucedo as well as the retaliation claim against Defendant Moreno.

///

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued on April 29, 2022 (ECF No. 17) are VACATED; and
2. The Court will order service of Plaintiff's third amended complaint by way of separate order.

IT IS SO ORDERED.

Dated:   **May 9, 2022**

UNITED STATES MAGISTRATE JUDGE