# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFREY RICHSON-BEY,<br><br>Plaintiff,<br><br>v.<br><br>R. MORENO, et al.,<br><br>Defendants. | Case No. 1:21-cv-01294-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 28) |

Plaintiff Sean Jeffrey Richson-Bey is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed November 18, 2022.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendant Moreno for retaliation and against Defendant Saucedo for a due process violation.

As previously stated, on November 18, 2022, Defendants filed the instant motion to dismiss. (ECF No. 28.) Plaintiff filed an opposition on December 5, 2022, and Defendants filed a reply on December 19, 2022. (ECF Nos. 29, 30.)

///

///

1

## II.

## DISCUSSION

### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Allegations of Complaint

On August 4, 2019, Plaintiff filed an administrative complaint naming R. Moreno for terminating a visit in progress without warning.

On August 5, 2019, Plaintiff received a "Notice of Visitor Termination," indicating the August 4, 2019 action by R. Villanueva Garcia for "excessive physical contact."

///

///

On August 12, 2019, Moreno was made aware of Plaintiff's complaint during an interview with sergeant F. Montoya. In retaliation, Moreno prepared a false rules violation report for "sexual activity in a visiting room with an adult."

On August 18, 2019, Plaintiff was found guilty of the lesser included offense by hearing officer D. Saucedo. Saucedo prevent Plaintiff from presenting witnesses, video evidence, and classified the violation as serious, assessing a thirty day loss of credit. Saucedo exceeded the scope of the rules violation adjudication by improperly including certain evidence. Saucedo denied witnesses and video evidence.

### C. Defendants' Motion to Dismiss

Defendants argue that Plaintiff's official capacity claims against Defendants are barred by the Eleventh Amendment because they are not persons under section 1983 in their official capacity. Defendant Moreno also argues that Plaintiff's claim against him is subject to dismissal because it is clear on the face of the third amended complaint that he failed to exhaust the administrative remedies.

#### 1. Official Capacity Claims

The Eleventh Amendment bars § 1983 suits against a State unless the state has waived its sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). The Eleventh Amendment bars suits seeking money damages against state officials acting in their official capacities. Id. at 71. In addition, individual states, their departments and agencies, and their officials acting in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983, for damages. Id. However, suits against state officials in their official capacities seeking injunctive relief are not treated as against the State and thus are not barred. Id. at 71 n.10.

Here, Plaintiff concedes in his opposition that dismissal of the official capacity claims against Defendant Moreno and Saucedo is warranted under the Eleventh Amendment. Accordingly, the official capacity claims against Defendants Moreno and Saucedo should be dismissed as barred by the Eleventh Amendment.

///

///

2.      Exhaustion of Administrative Remedies as to Defendant Moreno

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."  42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'").  Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones v. Bock, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino v. Baca, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

**a.    Request for Judicial Notice**

Defendants request that the Court take judicial notice of the following public records and exhibits attached to Plaintiff's original complaint:

1. Exhibit 1: California Code of Regulations, Title 15, §§ 3048.2(a), 3084.7, 3084.7(d)(3), as operative on July 1, 2019.

2. Exhibit 2: A true and correct copy of administrative grievance log number CSPC-19-

4

1  05141, ECF No. 1 at 9-11.

2  3. Exhibit 3: A true and correct copy of the First Level Response to CSPC-19-05141,
3  ECF No. 1 at 21-23.

It is a "well-established doctrine that an amended pleading supersedes the original pleading." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Here, Plaintiff's FAC supersedes the Complaint, and the Complaint "no longer performs any function and is 'treated thereafter as non-existent.'" Id. (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Khoja v. Orexigen Ther., Inc., 899 F.3d 988, 998 (9th Cir. 2018). When matters outside the pleading are presented to and not excluded by the court, the Rule 12(b)(6) motion becomes a motion for summary judgment. Id. (citing Fed. R. Civ. P. 12(d)). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." Khoja, 899 F.3d at 998.

Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). "But a court cannot take judicial notice of disputed facts contained in such public records." Khoja, 899 F.3d at 999; accord United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (explaining that although a court may take judicial notice of matters of public record, it "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed").

Here, the Court may take judicial notice that the administrative grievance log number CSPC-19-05141 and First Level Review Response thereto, but cannot take judicial notice of the truth of the facts in these documents. See, e.g., Pinnacle Armor, Inc. v. United States, No. 1:07-CV-01655 LJO DLB, 2013 U.S. Dist. LEXIS 157812, at *16–*17, 2013 WL 5947340, at *6

(E.D. Cal. Nov. 4, 2013) (declining to take judicial notice of letters attached to original complaint and explaining that "they would only be judicially noticeable for the purpose of establishing that the documents were presented as attachments the Complaint").

The Court specifically will not take judicial notice of the fact for which administrative grievance log number CSPC-19-05141 and the First Level Review Response is cited—that Plaintiff failed to exhaust the administrative progress regarding the claim against Defendant Moreno because he did not appeal to the highest level of review available as it is disputed and is subject to "reasonable dispute."

A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); see also Corinthian Colleges, 655 F.3d at 999 (Courts may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."). The Court declines to incorporate by reference administrative grievance log number CSPC-19-05141 and the First Level Review Response, as it is not mentioned in the third amended complaint and does not form the basis of Plaintiff's claim. Indeed, this is not surprising because inmates, like Plaintiff, are not required to plead or prove exhaustion of the administrative remedies. Albino v. Baca, 747 F.3d at 1166.

    **b.**    **Merits of Motion**

Defendant Moreno argues that it is clear from the face of the third amended complaint and attachments to his original complaint that Plaintiff did not properly exhaust his retaliation claim.

Here, in the third amended complaint, Plaintiff did not plead exhaustion of the administrative remedies, and although Plaintiff has filed some administrative grievances based on the attachments to the original complaint, it is not clear from the face of the third amended complaint that he failed to exhaust the administrative remedies with respect to his retaliation

1 claim against Defendant Moreno. Indeed, in opposition to Defendants' motion to dismiss, Plaintiff submits that he attempted to further exhaust his retaliation claim but the grievance was improperly screened out. (ECF No. 29 at 3-4.)  Because there is some ambiguity as to whether Plaintiff adequately exhausted the administrative remedies, this is not one of the "rare" instances in which the failure to exhaust is clear from the face of the complaint.  Although Plaintiff attached administrative grievance log number CSPC-19-05141 to his original complaint, the Court cannot rule out the fact that there may be other appeals that could serve to exhaust the administrative remedies.  Plaintiff was not required to allege all facts relevant to his exhaustion attempts on the face of his third amended complaint, nor is a motion to dismiss the appropriate mechanism to challenge the sufficiency of the evidence.  Exhaustion is an affirmative defense to which a plaintiff is not required to plead.  Without a full record of all of Plaintiff's exhaustion efforts, the Court cannot determine from the face of the third amended complaint that Plaintiff failed to exhaust the administrative remedies with respect to his retaliation claim against Defendant Moreno.  Accordingly, Defendant Moreno's motion to dismiss the retaliation claim against him for failure to exhaust the administrative remedies should be denied.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the official capacity claims be granted; and

2. Defendants' motion to dismiss the retaliation claim against Defendant Moreno for failure to exhaust the administrative remedies be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21)** days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler,

772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 12, 2023**

UNITED STATES MAGISTRATE JUDGE